IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN PICHLER and ADAM SZATKO, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CASE NO. 15-cv-7583<br>)<br>)<br>) |
| v. | )<br>) |
| MIDOR'S VALET, INC. and MICHAEL MIDOR, | )<br>)<br>) |
| Defendants. | )<br>) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, on behalf of themselves and other persons similarly situated, through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., complain against Defendants Midor's Valet, Inc. and Michael Midor (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid wages brought against Defendants for state and federal wage and hour violations stemming from Defendants' failure to pay their employees the minimum wage. Plaintiffs bring this action against Defendants to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs owed to them and other similarly situated current and former employees.

### JURISDICTION

2. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**VENUE**

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and because the Defendants reside in this judicial district. *See* 28 U.S.C. § 1391(b).

**PARTIES**

4. Adam Szatko ("Szatko") has worked for Midor's Valet from approximately 2010 until the present. His job duties involve parking cars for restaurant patrons at the Gibsons Steakhouse located in Oakbrook, Illinois.

5. Jonathan Pichler ("Pichler") worked for Midor's Valet from approximately August 2013 until March 2014. His job duties involved parking cars for restaurant patrons at the Gibsons Steakhouse located in Oakbrook, Illinois.

6. Midor's Valet, Inc. provides valet services for various restaurant and entertainment venues around the Greater-Chicago area. Michael Midor ("Midor") is the president and owner of Midor's Valet, Inc.

7. During relevant times, Midor's Valet and Midor employed Szatko and Pichler for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d).

**Enterprise Status**

8. From August 28, 2012 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose. During relevant times, Defendants engaged in well over $500,000 in annual sales or business

.

**Unpaid Minimum Wage**

9. From August 23, 2012 until the present, Defendants failed to pay Plaintiffs and other workers the minimum wage as required by the FLSA and IMWL.

10. Plaintiffs' job required them to operate a valet service located at the Gibsons Steakhouse in Oakbrook, Illinois. Plaintiffs often received cash tips from Gibsons customers when performing this service.

11. Defendants prohibited Plaintiffs and the other valet workers from keeping the cash tips that they received from Gibsons customers and instead required them to turn all cash tips over to a manager.

12. At the end of a shift, Defendants paid Plaintiffs and the other valet workers between nine and eleven dollars per hour for their work. They paid Plaintiffs and the other valet workers in cash out of the tips that Plaintiffs and the other drivers received from Gibsons customers. Defendants kept the rest of the tips for the company.

13. In other words, Defendants required employees to turn over all their tips to management and then used those tips to satisfy the entire minimum wage. This, even though tips are not wages and must be retained by the employees.

14. During relevant times, Defendant Midor was aware that Midor's Valet paid its valet workers only out of the tips that they collected from customers, yet he did nothing to stop the practice.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

15. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of themselves

and a "Class" consisting of all individuals who worked as a valet worker for Midor's Valet, Inc. at its Gibsons Oakbrook location between August 28, 2012 and August 28, 2015.

16. Plaintiffs bring the claims in Count II, alleging violations of the IMWL, on behalf of themselves and the same "Class," consisting of all individuals who worked as a valet worker for Midor's Valet, Inc. at its Gibsons Oakbrook location between August 28, 2012 and August 28, 2015.

17. There are legal and factual questions that are common to Plaintiffs' and Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether Defendants engaged in a pattern, practice, or policy of not paying workers the minimum wage of $8.25 per hour.

18. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. In the past three years, more than forty individuals have worked for Midor's Valet at its Gibsons Oakbrook location.

19. Plaintiffs will fairly and adequately protect the interests of the Classes that they seek to represent. Plaintiffs' claims are typical of the claims of other Class Members because Plaintiffs worked for Defendants at its Gibsons Oakbrook location and were not paid the minimum wage for all hours worked.

20. Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including wage and hour litigation.

21. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

22. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I

### FLSA Minimum Wage Claim

23. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

24. Defendants failed to pay Plaintiffs and other valet workers the minimum wage required by 29 U.S.C. § 206(a).

25. The FLSA permits an employer to use tips to satisfy a portion of the minimum wage due and owing to an employee, but only if the employee is either permitted to retain all tips that he or she receives or receives tips pursuant to a valid tip pooling arrangement. *See* 29 U.S.C. § 203(m).

26. Under the FLSA, if management keeps a portion of the tips received by an employee, then the employer cannot use tips to satisfy its minimum wage obligations under the FLSA. *Id.*

27. Defendants' FLSA violations were willful. They paid no wage to Plaintiffs and the other valet workers, except for paying them some (but not all) of the tips that they received from customers.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid minimum wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA.

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II

### IMWL Minimum Wage Claim

28. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

29. This count is brought against Defendants on behalf of:

all individuals who worked as a valet worker for Midor's Valet, Inc. at its Gibsons Oakbrook location between August 28, 2012 and August 28, 2015.

30. The IMWL permits an employer to use tips to satisfy a portion of the minimum wage due and owing to an employee, but only if the employee is permitted to retain all tips that he or she receives. *See* 820 ILCS 115/4.

31. Under the IMWL, if management keeps a portion of the tips received by an employee, then the employer cannot use tips to satisfy its minimum wage obligations under the IMWL. *Id.*

32.     Defendants refused to pay Plaintiffs and other valet workers the minimum wage as required by 820 ILCS 105/4. Defendants paid no wage to Plaintiffs and the other valet workers, except for paying them some (but not all) of the tips that they received from customers.

## **PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a.  Certifying a class as defined in this count;

b.  Appointing Plaintiffs as representatives of the class;

c.  Appointing the undersigned counsel as class counsel;

d.  Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.  Awarding unpaid wages due as provided by the IMWL;

f.  Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g.  Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h.  Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i.  Providing injunctive relief requiring Defendants to pay all statutorily-required wages and penalties and barring future violations; and

j.  Awarding such other relief as this Court deems just and proper.

## **Jury Demand**

Plaintiffs demand a jury trial on all claims for which a jury trial is available.

August 28, 2015                                         Respectfully submitted,

                                                         /s/ Christopher J. Wilmes
                                                        One of the Attorneys for Plaintiffs

7

Matthew J. Piers (ARDC No. 2206161)
Joshua Karsh (ARDC No. 6203096)
Christopher J. Wilmes (ARDC No. 6287688)
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100