# EXHIBIT A

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2015)
165 Lab.Cas. P 36,366, 92 Fed.R.Serv.3d 494, 25 Wage & Hour Cas.2d (BNA) 138

Case: 1:15-cv-07585 Document #: 19-1 Filed: 12/16/15 Page 2 of 8 PageID #:42

KeyCite Yellow Flag - Negative Treatment

Distinguished by Barnhill v. Fred Stark Estate, E.D.N.Y., September 24, 2015

796 F.3d 199
United States Court of Appeals,
Second Circuit.

Dorian CHEEKS, Plaintiff–Appellant,
v.
FREEPORT PANCAKE HOUSE, INC., W.P.S. Industries, Inc., Defendants–Appellees.

Docket No. 14–299–cv. | Argued: Nov. 14, 2014. | Decided: Aug. 7, 2015.

**Synopsis**
**Background:** Former employee brought action against former employer under Fair Labor Standards Act (FLSA) and New York Labor Law. The United States District Court for the Eastern District of New York, Joanna Seybert, J., refused to enter parties' stipulation of settlement dismissing, with prejudice, former employee's FLSA claims. Former employee filed interlocutory appeal, seeking certification of question of whether FLSA actions are exception to general rule that parties may stipulate to dismissal of an action without involvement of court.

**[Holding:]** The Court of Appeals, Pooler, Circuit Judge, held that, as a matter of first impression the FLSA is an "applicable federal statute," for purposes of the rule governing voluntary dismissal of an action by a plaintiff, and therefore stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor (DOL) to take effect.

Affirmed; remanded.

West Headnotes (6)

[1] **Labor and Employment**
 Waiver and estoppel

Employees may not waive the right to recover liquidated damages due under the Fair Labor Standards Act (FLSA). Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

Cases that cite this headnote

[2] **Labor and Employment**
 Compromise and settlement

Employees may not privately settle the issue of whether an employer is covered under the Fair Labor Standards Act (FLSA). Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

2 Cases that cite this headnote

[3] **Federal Civil Procedure**
 Stipulations

The Fair Labor Standards Act (FLSA) is an "applicable federal statute," for purposes of the rule governing voluntary dismissal of an action by a plaintiff, and therefore stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor (DOL) to take effect. Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.; Fed.Rules Civ.Proc.Rule 41(a)(1)(A), 28 U.S.C.A.

16 Cases that cite this headnote

[4] **Labor and Employment**
 Fair Labor Standards Act

The underlying purposes of the Fair Labor Standards Act (FLSA) is to extend the frontiers of social progress by insuring to all able-bodied working men and women a fair day's pay for a fair day's work. Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

1 Cases that cite this headnote

[5] **Labor and Employment**
 Fair Labor Standards Act

The Fair Labor Standards Act (FLSA) was designed to remedy the evil of overwork by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime. Fair

Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

Cases that cite this headnote

[6] **Labor and Employment**
 ⟵ Fair Labor Standards Act

The Fair Labor Standards Act's (FLSA) primary remedial purpose is to prevent abuses by unscrupulous employers, and to remedy the disparate bargaining power between employers and employees. Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

3 Cases that cite this headnote

**Attorneys and Law Firms**

*200 Abdul Hassan, Queens Village, N.Y., for Plaintiff–Appellant Dorian Cheeks.

Jeffrey Meyer, Kaufman, Dolowich & Voluck, LLP (Keith Gutstein, on the brief), Woodbury, N.Y., for Defendants–Appellees Freeport Pancake House, Inc. and W.P.S. Industries, Inc.

Laura Moskowitz, Senior Attorney, U.S. Department of Labor, Office of the Solicitor, (M. Patricia Smith, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, on the brief), Washington, D.C., for Amicus Curiae U.S. Department of Labor.

Before: POOLER, PARKER and WESLEY, Circuit Judges.

**Opinion**

POOLER, Circuit Judge:

Dorian Cheeks appeals, pursuant to 28 U.S.C. § 1292(b), from the refusal of the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*) to enter the parties' stipulation of settlement dismissing, with prejudice, Cheeks' claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law. The district court held that parties cannot enter into private settlements of FLSA claims without either the approval of the district court or the Department of Labor ("DOL"). We agree that absent such approval, parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). We thus affirm, and remand for further proceedings consistent with this opinion.

**BACKGROUND**

Cheeks worked at both Freeport Pancake House, Inc. and W.P.S. Industries, Inc. (together, "Freeport Pancake House") as a restaurant server and manager over the course of several years. In August 2012, Cheeks sued Freeport Pancake House seeking to recover overtime wages, liquidated damages and attorneys' fees under both the FLSA and New York Labor Law. Cheeks also alleged he was demoted, and ultimately fired, for complaining about Freeport Pancake House's failure to pay him and other employees the required overtime wage. Cheeks sought back pay, front pay in lieu of reinstatement, and damages for the unlawful retaliation. Freeport Pancake House denied Cheeks' allegations.

After appearing at an initial conference with the district court, and engaging in a period of discovery, the parties agreed on a private settlement of Cheeks' action. The parties then filed a joint stipulation and order of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). *Cheeks v. Freeport Pancake House, Inc.*, No. 2:12–cv–04199 (E.D.N.Y. Dec. 27, 2013) ECF No. 15. The district court declined to accept the stipulation as submitted, concluding that Cheeks could not agree to a private settlement of his FLSA claims without either the approval of the district court or the supervision of the DOL. The district court directed the parties to "file a copy of the settlement agreement on the public docket," and to "show cause why the proposed settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." App'x at 35 (internal quotation marks omitted). The district court further ordered *201 the parties to "show cause by providing the Court with additional information in the form of affidavits or other documentary evidence explaining why the proposed settlement is fair and reasonable." App'x at 35.

Rather than disclose the terms of their settlement, the parties instead asked the district court to stay further proceedings and to certify, pursuant to 28 U.S.C. § 1292(b), the question of whether FLSA actions are an exception to Rule 41(a)(1)(A)(ii)'s general rule that parties may stipulate to the dismissal of an action without the involvement of the court. On February 20, 2014, the district court entered an order staying the case and certifying the question for interlocutory appeal.

Our Court granted the motion. *Cheeks v. Freeport Pancake House, Inc.*, 14–299–cv (2d Cir. May 7, 2014), ECF No. 44. Our Court heard oral argument on November 14, 2014. As both parties advocated in favor of reversal, following oral argument we solicited the views of the DOL on the issues raised in this matter. The DOL submitted a letter brief on March 27, 2015, taking the position that the FLSA falls within the "applicable federal statute" exception to Rule 41(a)(1)(A), such that the parties may not stipulate to the dismissal of FLSA claims with prejudice without the involvement of a court or the DOL." Cheeks submitted supplemental briefing in response to the DOL's submission on April 20, 2015, and we find no need for additional oral argument.

## DISCUSSION

The current appeal raises the issue of determining whether parties may settle FLSA claims with prejudice, without court approval or DOL supervision[1], under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The question of whether judicial approval of, and public access to, FLSA settlements is required is an open one in our Circuit.[2] We review this question of law de novo. *See Cmty. Health Care Ass'n of N.Y. v. Shah*, 770 F.3d 129, 150 (2d Cir.2014).

Rule 41(a)(1)(A) provides in relevant part that:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed.R.Civ.P. 41(a)(1)(A).

The FLSA is silent as to Rule 41. We must determine, then, if the FLSA is an "applicable federal statute" within the meaning of the rule. If it is not, then Cheeks' case was dismissed by operation of Rule 41(a)(1)(A)(ii), and the parties did not need approval from the district court for the dismissal to be effective. *Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir.1998) ("The judge's signature on the stipulation did not change the nature of the dismissal. Because the dismissal *202 was effectuated by stipulation of the parties, the court lacked the authority to condition [the] dismissal....") (collecting cases).

We start with a relatively blank slate, as neither the Supreme Court nor our sister Circuits have addressed the precise issue before us. District courts in our Circuit, however, have grappled with the issue to differing results. Those requiring court approval of private FLSA settlements regularly base their analysis on a pair of Supreme Court cases: *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946).

*Brooklyn Savings* involved a night watchman who worked at Brooklyn Savings Bank for two years. 324 U.S. at 699, 65 S.Ct. 895. The watchman was entitled to overtime pay for his work, but was not compensated for his overtime while he worked for the bank. *Id.* at 700, 65 S.Ct. 895. The watchman left the bank's employ, and two years later the bank computed the statutory overtime it owed him and offered the watchman a check for $423.16 in exchange for a release of all his FLSA rights. *Id.* The watchman signed the release, took the check, and then sued the bank for liquidated damages pursuant to the FLSA, which were admittedly not included in the settlement. *Id.*

The Supreme Court held that in the absence of a genuine dispute as to whether employees are entitled to damages, employees could not waive their rights to such damages in a private FLSA settlement. *Id.* at 704, 65 S.Ct. 895. Because the only issue before the court was the issue of liquidated damages, which were a matter of statutory calculation, the Court concluded that there was no bona fide dispute between the parties as to the amount in dispute. *Id.* at 703, 65 S.Ct. 895. The Court noted that the FLSA's legislative history "shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Id.* at 706, 65 S.Ct. 895. In addition, the FLSA "was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Id.* at 706–07, 65 S.Ct. 895. Concluding that the FLSA's statutory language indicated that "Congress did not intend that an employee should be allowed to waive his right to liquidated damages," the Court refused

to enforce the release and allowed the watchman to proceed on his claim for liquidated damages. *Id.* at 706, 65 S.Ct. 895. However, the Court left unaddressed the issue of whether parties could privately settle FLSA claims if such settlements resolved "a bona fide dispute between the parties." *Id.* at 703, 65 S.Ct. 895.

A year later, in *D.A. Schulte,* the Supreme Court answered that question in part, barring enforcement of private settlements of bona fide disputes where the dispute centered on whether or not the employer is covered by the FLSA. 328 U.S. at 114, 66 S.Ct. 925. Again, the Supreme Court looked to the purpose of the FLSA, which "was to secure for the lowest paid segment of the nation's workers a subsistence wage," and determined "that neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage." *Id.* at 116, 66 S.Ct. 925. However, the Supreme Court again specifically declined to opine as to "the possibility of compromises in other situations which may **\*203** arise, such as a dispute over the number of hours worked or the regular rate of employment." *Id.* at 114–15, 66 S.Ct. 925.

**[1] [2]** *Brooklyn Savings* and *Gangi* establish that (1) employees may not waive the right to recover liquidated damages due under the FLSA; and (2) that employees may not privately settle the issue of whether an employer is covered under the FLSA. These cases leave open the question of whether employees can enforce private settlements of FLSA claims where there is a bona fide dispute as to liability, i.e., the number of hours worked or the amount of compensation due. In considering that question, the Eleventh Circuit answered "yes," but only if the DOL or a district court first determines that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States Dep't of Labor,* 679 F.2d 1350, 1355 (11th Cir.1982). [3]

In *Lynn's Food,* an employer sought a declaratory judgment that the private settlements it had entered into with its employees absolved it of any future liability under the FLSA. *Id.* at 1351–52. The private settlements were entered into after the DOL found the employer "was liable to its employees for back wages and liquidated damages," *id.* at 1352, but were not made with DOL approval. The putative settlements paid the employees far less than the DOL had calculated the employees were owed.

In rejecting the settlements, the Eleventh Circuit noted that "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (internal quotation marks omitted). The court reasoned that requiring DOL or district court involvement maintains fairness in the settlement process given the great disparity in bargaining power between employers and employees. *Id.* The Eleventh Circuit noted that the employer's actions were "a virtual catalog of the sort of practices which the FLSA was intended to prohibit." *Id.* at 1354. For example, the employees had not brought suit under the FLSA and were seemingly "unaware that the Department of Labor had determined that Lynn's owed them back wages under the FLSA, or that they had any rights at all under the statute." *Id.* Despite that, the employer "insinuated that the employees were not really entitled to any back wages," and suggested "that only malcontents would accept back wages owed them under the FLSA." *Id.* The employees were not represented by counsel, and in some cases did not speak English. *Id.* The Eleventh Circuit noted that these practices were "illustrative of the many harms which may occur when employers are allowed to 'bargain' with their employees over minimum wages and overtime compensation, and convinces us of the necessity of a rule to prohibit such invidious practices." *Id.* at 1354–55. [4]

**\*204** The Fifth Circuit, however, concluded that a private settlement agreement containing a release of FLSA claims entered into between a union and an employer waived employees' FLSA claims, even without district court approval or DOL supervision. *Martin v. Spring Break #83 Prods., L.L.C.,* 688 F.3d 247, 253–57 (5th Cir.2012). In *Martin,* the plaintiffs were members of a union, and the union had entered into a collective bargaining agreement with the employer. *Id.* at 249. The plaintiffs filed a grievance with the union regarding the employer's alleged failure to pay wages for work performed by the plaintiffs. *Id.* Following an investigation, the union entered into an agreement with the employer settling the disputed compensation for hours worked. *Id.* However, before the settlement agreement was executed, the plaintiffs sued, seeking to recover unpaid wages pursuant to the FLSA. *Id.* at 249–50.

The Fifth Circuit concluded that the agreement between the union and employer was binding on the plaintiffs and barred the plaintiffs from filing a FLSA claim against the employer. *Id.* at 253–54. The Fifth Circuit carved out an exception from the general rule barring employees' waiver of

Cheeks v. Freeport Pancake House, 796 F.3d 199 (2015)
165 Lab.Cas. P 36,366, 92 Fed.R.Serv.3d 494, 25 Wage & Hour Cas.2d (BNA) 138

Case: 1:15-cv-07589 Document #: 19-1 Filed: 12/16/15 Page 6 of 8 PageID #:46

FLSA claims and adopted the rationale set forth in *Martinez v. Bohls Bearing Equipment Co.,* 361 F.Supp.2d 608, 633 (W.D.Tex.2005) ("[A] private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). The Fifth Circuit reasoned that "[t]he Settlement Agreement was a way to resolve a bona fide dispute as to the number of hours worked—not the rate at which Appellants would be paid for those hours— and though Appellants contend they are yet not satisfied, they received agreed-upon compensation for the disputed number of hours worked." *Martin,* 688 F.3d at 256. The Fifth Circuit noted that the concerns identified in *Lynn's Food*—unrepresented workers unaware of their FLSA rights —"[were] not implicated." *Id.* at 256 n. 10. *Martin,* however, cannot be read as a wholesale rejection of *Lynn's Food*: it relies heavily on evidence that a bona fide dispute between the parties existed, and that the employees who accepted the earlier settlement were represented by counsel. *Id.* at 255, 256 n. 10; *Bodle v. TXL Mortg. Corp.,* 788 F.3d 159, 165 (5th Cir.2015) (emphasizing that the private settlements approved in *Martin* did not "undermine the purpose of the FLSA because the plaintiffs did not waive their claims through some sort of bargain but instead received compensation for the disputed hours").

While offering useful guidance, the cases discussed above all arise in the context of whether a private FLSA settlement is enforceable. The question before us, however, asks whether the parties can enter into a private stipulated dismissal of FLSA claims with prejudice, without the involvement of the district court or DOL, that may later be enforceable. The parties do not cite, and our research did not reveal, any cases that speak directly to the issue before us: whether the FLSA is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A). Nor are we aided by the Advisory Committee's notes, which simply state that the language "any applicable federal statute" serves to "preserve" provisions in "such statutes as" 8 U.S.C. § 1329 (immigration violations) and 31 U.S.C. § 3730 (qui tam actions), both of which explicitly require court approval before dismissal. Fed.R.Civ.P. 41 advisory committee's note to 1937 Adoption. As noted above, the FLSA itself is silent on the issue. One district court in our Circuit found that this silence supports the conclusion that the FLSA is not an "applicable federal statute" within the meaning of Rule 41. *Picerni v. Bilingual Seit & Preschool Inc.,* 925 F.Supp.2d 368, 375 (E.D.N.Y.2013) ("[W]hile the FLSA expressly **\*205** authorizes an individual or collective action for wage violations, it does not condition their dismissal upon court approval. The absence of such a requirement is a strong indication that Congress did not intend it, as it has expressly conditioned dismissals under other statutes upon court approval."). The *Picerni* court concluded that:

> Nothing in *Brooklyn Savings, Gangi,* or any of their reasoned progeny expressly holds that the FLSA is one of those Rule 41—exempted statutes. For it is one thing to say that a release given to an employer in a private settlement will not, under certain circumstances, be enforced in subsequent litigation— that is the holding of *Brooklyn Savings* and *Gangi*—it is quite another to say that even if the parties want to take their chances that their settlement will not be effective, the Court will not permit them to do so.

*Id.* at 373.

The *Picerni* court also noted that "the vast majority of FLSA cases ... are simply too small, and the employer's finances too marginal, to have the parties take further action if the Court is not satisfied with the settlement." *Id.* at 377. Thus, the *Picerni* court concluded, "the FLSA is not one of the qualifying statutes that fall within the exemption from Rule 41." *Id.* at 375; *see also Lima v. Hatsuhana of USA, Inc.,* No. 13 Civ. 3389(JMF), 2014 WL 177412, at \*1–2 (S.D.N.Y. Jan. 16, 2014) (indicating a willingness to follow *Picerni* but declining to do so given the inadequacy of the parties' briefing on the issue).

Seemingly unpersuaded by *Picerni,* the majority of district courts in our Circuit continue to require judicial approval of private FLSA settlements. *See, e.g., Lopez v. Nights of Cabiria, LLC,* —— F.Supp.3d ——, No. 14–cv–1274 (LAK), 2015 WL 1455689, at \*3 (S.D.N.Y. March 30, 2015) ("Some disagreement has arisen among district courts in this circuit as to whether such settlements do in fact require court approval, or may be consummated as a matter of right under Rule 41. The trend among district courts is nonetheless to continue subjecting FLSA settlements to judicial scrutiny.") (citation omitted); *Armenta v. Dirty Bird Grp., LLC,* No. 13cv4603, 2014 WL 3344287, at \*4 (S.D.N.Y. June 27, 2014) (same) (collecting cases), *Archer v. TNT USA Inc.,* 12 F.Supp.3d 373, 384 n. 2 (E.D.N.Y.2014) (same); *Files,* 2013 WL 1874602, at \*1–3 (same).

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2015)
165 Lab.Cas. P 36,366, 92 Fed.R.Serv.3d 494, 25 Wage & Hour Cas.2d (BNA) 138

Case: 1:15-cv-07585 Document #: 19-1 Filed: 12/16/15 Page 7 of 8 PageID #:47

In *Socias v. Vornado Realty L.P.*, the district court explained its disagreement with *Picerni*:

> Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly. In recognition of this problem, the FLSA is distinct from all other employment statutes.

297 F.R.D. 38, 40 (E.D.N.Y.2014). The *Socias* court further noted that "although employees, through counsel, often voluntarily consent to dismissal of FLSA claims and, in some instances, are resistant to judicial review of settlement, the purposes of FLSA require that it be applied even to those who would decline its protections." *Id.* at 41 (internal quotation marks, alteration, and emphasis omitted). Finally, the *Socias* court observed that judicial approval furthers the purposes of the FLSA, because "[w]ithout judicial oversight, ... employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are **\*206** cheaper to the employer than compliance with the Act." *Id.*; *see also Armenta*, 2014 WL 3344287, at \*4 ("Taken to its logical conclusion, *Picerni* would permit defendants to circumvent the FLSA's 'deterrent effect' and eviscerate FLSA protections.").

**[3] [4] [5]** We conclude that the cases discussed above, read in light of the unique policy considerations underlying the FLSA, place the FLSA within Rule 41's "applicable federal statute" exception. Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945) (internal quotation marks omitted). "[T]hese provisions were designed to remedy the evil of overwork by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime." *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir.2008) (internal quotation marks omitted). Thus, "[i]n service of the statute's remedial and humanitarian goals, the Supreme Court consistently has interpreted the Act liberally and afforded its protections exceptionally broad coverage." *Id.* at 285.

Examining the basis on which district courts recently rejected several proposed FLSA settlements highlights the potential for abuse in such settlements, and underscores why judicial approval in the FLSA setting is necessary. In *Nights of Cabiria*, the proposed settlement agreement included (1) "a battery of highly restrictive confidentiality provisions ... in strong tension with the remedial purposes of the FLSA;" (2) an overbroad release that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues;" and (3) a provision that would set the fee for plaintiff's attorney at "between 40 and 43.6 percent of the total settlement payment" without adequate documentation to support such a fee award. 2015 WL 1455689, at \*1–7. In *Guareno v. Vincent Perito, Inc.*, the district court rejected a proposed FLSA settlement in part because it contained a pledge by plaintiff's attorney not to "represent any person bringing similar claims against Defendants." No. 14cv1635, 2014 WL 4953746, at \*2 (S.D.N.Y. Sept.26, 2014). "Such a provision raises the specter of defendants settling FLSA claims with plaintiffs, perhaps at a premium, in order to avoid a collective action or individual lawsuits from other employees whose rights have been similarly violated." *Id.*; *see also, e.g., Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir.2013) (employee testified she felt pressured to accept employer's out-of-court settlement offer because "she trusted [the employer] and she was homeless at the time and needed money") (internal quotation marks omitted); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D.Ga.2014) ("According to Plaintiff's counsel, twenty-two plaintiffs accepted the offers of judgment—many for $100—because 'they are unemployed and desperate for any money they can find.' ").

**[6]** We are mindful of the concerns articulated in *Picerni*, particularly the court's observation that the "vast majority of FLSA cases" before it "are simply too small, and the employer's finances too marginal," for proceeding with litigation to make financial sense if the district court rejects the proposed settlement. **\*207** 925 F.Supp.2d at 377 (noting that FLSA cases tend to "settle for less than $20,000 in combined recovery and attorneys' fees, and usually for far less

than that; often the employee will settle for between $500 and $2000 dollars in unpaid wages."). However, the FLSA is a uniquely protective statute. The burdens described in *Picerni* must be balanced against the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees. *See Brooklyn Sav. Bank,* 324 U.S. at 706–07, 65 S.Ct. 895. As the cases described above illustrate, the need for such employee protections, even where the employees are represented by counsel, remains.

## CONCLUSION

For the reasons given above, we affirm and remand for further proceedings consistent with this opinion.

## All Citations

796 F.3d 199, 165 Lab.Cas. P 36,366, 92 Fed.R.Serv.3d 494, 25 Wage & Hour Cas.2d (BNA) 138

Footnotes

1   Pursuant to Section 216(c) of the FLSA, the Secretary of Labor has the authority to "supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under" the FLSA. 29 U.S.C. § 216(c). "[T]he agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have ... to such unpaid minimum wages or unpaid overtime compensation and" liquidated damages due under the FLSA. *Id.*

2   As it is not before us, we leave for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice.

3   Because this appeal was certified before the parties presented the district court with evidence to support their proposed settlement, we express no opinion as to whether a bona fide dispute exists here, or what the district court must consider in deciding whether to approve the putative settlement of Cheeks' claims.

4   Other Circuits agree with the Eleventh Circuit's conclusion that waiver of a FLSA claim in a private settlement is not valid. *Copeland v. ABB, Inc.,* 521 F.3d 1010, 1014 (8th Cir.2008) ("FLSA rights are statutory and cannot be waived"); *see also Whiting v. Johns Hopkins Hospital,* 680 F.Supp.2d 750, 753 (D.Md.2010) *aff'd Whiting v. The Johns Hopkins Hosp.,* 416 Fed.Appx. 312 (4th Cir.2011) (same); *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986) (same).

**End of Document**                                                          © 2015 Thomson Reuters. No claim to original U.S. Government Works.